

## COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-11-00430-CR
### NO. 02-11-00431-CR

ARTURO ARMIJO                                                            APPELLANT

V.

THE STATE OF TEXAS                                                            STATE

----------

### FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

----------

## CONCURRING MEMORANDUM OPINION[1]

----------

In Appellant's sole point, he attacks the admission of the State's evidence of retrograde extrapolation because the State's expert, Dr. Robert Johnson, "lacked many of the facts necessary to offer such opinion." No one disputes the timeline pertinent to Appellant's objection to the State's evidence of retrograde extrapolation: (1) Johnson explained retrograde extrapolation and hypothesized

---

[1]See Tex. R. App. P. 47.4.

that a 5'7", 180-pound male would have had a BAC of .24 at the time of arrest if his BAC registered .20 four hours after his arrest; (2) Appellant questioned Johnson on voir dire outside the presence of the jury, and Johnson admitted he had insufficient facts upon which to base his scientific opinion; and (3) Appellant objected to Johnson's testimony, which the trial court overruled. Before objecting to Johnson's retrograde-extrapolation testimony, Appellant waited until after Johnson stated that he could estimate what "somebody's blood alcohol concentration would have been at an earlier point in time" and after Johnson opined that the State's hypothetical, which matched Appellant's situation, would result in a BAC of .24. Appellant fails to justify his delay in objecting to Johnson's testimony. Accordingly, Appellant's objection was untimely, which forfeits any complaint as to Johnson's retrograde-extrapolation testimony. *See Luna v. State*, 268 S.W.3d 594, 604 (Tex. Crim. App.), *cert. denied*, 558 U.S. 833 (2008); *Dinkins v. State*, 894 S.W.2d 330, 355 (Tex. Crim. App.), *cert. denied*, 516 U.S. 832 (1995); *see also* Tex. R. App. P. 33.1(a); Tex. R. Evid. 103(a). I would overrule Appellant's sole point under rule 33.1(a) and, thus, respectfully concur in the judgments affirming the trial court.

　　　　　　　　　　　　　　　　　　　　LEE GABRIEL
　　　　　　　　　　　　　　　　　　　　JUSTICE

LIVINGSTON, C.J., joins.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  August 1, 2013